150 So. 703

### STATE v. CABLE–BURTON PIANO CO.

#### 8 Div. 676.

Court of Appeals of Alabama.
March 21, 1933.

Rehearing Denied April 11, 1933.

Reversed on Mandate Nov. 7, 1933.

Ralph E. Parker, of Birmingham, for respondents. .

Brief did not reach the Reporter.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

Robert E. Smith and Robert W. Smith, both of Birmingham, for appellee.

**BRICKEN, Presiding Judge.**

The state of Alabama, through its legal representatives, brought this suit in the court below seeking to recover of appellee certain state licenses claimed to be due the state by the defendant corporation. The cause was heard and determined, by the court without a jury, upon an agreed statement of facts which were in substance that the defendant was engaged in the business of selling, renting, and delivering pianos, organs, talking machines, or small musical instruments, in the state of Alabama; that it had two permanent places of business therein, one located in Jefferson and the other in Madison counties; that it (the defendant corporation) had paid to the probate judge of Jefferson county an annual state license of $100 on October 1, 1926, 1927, 1928, 1929, and 1930; its respective county licenses in Jefferson county and in Madison county had been paid for each of the said periods.

The controlling point of decision in the court below was as to whether or not the defendant having two permanent places of business in the state of Alabama, and in different counties, and keeping as a part of its stock in trade all of the articles above referred to, is liable to the state for more than one annual state license. The question of county license was not involved.

The court below rendered judgment in favor of the defendant, and the state appealed. The assignment of errors is predicated upon and confined to this action of the court.

A decision upon the point involved, calls for a construction of schedule 85 of the Revenue Law of 1919, as amended by the Act approved October 6, 1920 (Gen. & Loc. Acts 1920, p. 139). As this schedule originally appears in the Act approved September 15, 1919 (General Acts of Alabama 1919, pp. 426, 427), it is so clear and unambiguous no construction thereof would appear necessary, for by its plain terms the defendant, appellee here, under the facts proven, would be required to pay but *one state license* of $100, and in addition to this one state license, would be required to pay 50 per cent. of the state license ($50) in each county where such business is conducted. The question is, therefore, does the amendment of 1920 to the original schedule operate to nullify and to deprive the defendant of the benefit of the exemption provided for in the original schedule which by its express terms, as stated, requires the payment of *one state license*. Said exemption clause reads as follows: " * * * but this license shall not apply to merchants or dealers having one or more permanent places of business in this State and keeping any of said articles as a part or all of their stock in trade. Such merchants or dealers keeping any of such articles as a part or all of their stock in trade shall for the same pay to the State one annual license of one hundred dollars which may be paid in any one of the counties in which said permanent place or' places of business is or are established, and the payment of such license in such county, as evidenced by the certificate of the judge of probate thereof, shall be sufficient for all other counties in which they may do business or sell or offer for sale such articles." General Acts 1919, pp. 426, 427.

The 1920 amendment leaves the original schedule intact, and merely adds thereto the following: "The provisions of this Schedule shall not apply to persons selling as a part of their stock in trade Jews harps, harmonicas, banjos, mandolins, guitars, violins, toy phonographs and toy victrolas, the selling price of which does not exceed $10.00. Provided that the license tax on Jews harps, harmonicas, banjos, ukeleles, mandolins, guitars, violins, toy phonographs and toy victrolas, the selling price of which exceeds Ten Dollars ($10.00) shall be as follows:—In counties having a population exceeding 25,000 but not exceeding 35,000 fifteen dollars; in counties exceeding 35,000 but not exceeding 50,000 twenty-five dollars; in counties exceeding 50,000 but not exceeding 75,000 fifty dollars; in counties exceeding 75,000 one hundred dollars. This shall not be construed to entitle a licensee to maintain branch establishments or stores without payment of regular license for each branch or store both state and county, required under this schedule."

■■ We are of the opinion that the lower court ruled correctly in holding that the amendment, supra, did not nullify the exemption contained in the original schedule, and that the requirement in the amendment for separate state and county licenses for each branch establishment or store applies only to dealers in the small musical instruments enumerated in the amendment. The amendment is confined solely to this character of dealer. The other provisions of the law, as to other articles in the original schedule, remain unchanged and unaffected.

We could prolong this opinion by reiterating the well-established rules of statutory construction, and by entering into a long discussion relative to the conflicting provisions of the amended schedule, etc., but all this is not necessary to a decision of the only point involved; hence we refrain from so doing.

As stated, we are of the opinion that the trial judge was not in error in holding that

this appellee, having two permanent places of business in this state and in different counties, having paid regularly each year one annual state license fee of $100, is within the express exemption clause of schedule 85, supra.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of State v. Cable-Burton Piano Co. (Ala. Sup.; 8 Div. 503) 150 So. 704.